Judge Marshall
delivered the Opinion of the Court.
This was an action of ejectment brought on the demise of Pearl’s, Heirs, to recover fifty acres of land in the possession, of Davis.
„ , . , . . , . . . . . Un the trial, the plaintiffs exhibited a patent bearing date the 4th of December, 1819, and purporting to.grant , . ’ . r r. ~ to their ancestor, by virtue and in consideration ot a Kentuckv Land Office warrant, a tract of land contain- . • ’ mg fifty acres, by survey bearing date the 1st of June, j g 1 g ' ’
_ , The defendant,on his part, produced, a patent to him-, self, bearing date in June, 1821, granting fifty-four acres, by survey, bearing date the 1st June, 1819, but purport" • , . . ... „ . mg to grant it by virtue and in consideration ol. an act of assembly entitled “an act to encourage the manufacx • r , , „ . . turing ol salt withm this Commonwealth;”' and it was further proved that, the two surveys referred to in . r • . these patents, were, in fact, executed at the same time, and that both covered the land in contest.
On this state of facts, the Court instructed the- jury that, as both surveys were made on the same day, and the defendant was in possession, the plaintiff could not recover, although his patent was the oldest;, and that they must find for the defendant,
11 each ol the titles now m conflict could bp consid«red as being derived under the act of 1815? ‘for appro-priating the vacant lands in this Commonwealth,’ there would be little room to doubt the correctness of the *444 opinion advanced by the Circuit Court, since, by the 9th and 11th sections of the act, (2 Stat. Law, 1022-3,) the date of the patent is rendered immaterial, in a comparison of titles, and the title being once granted, relates fo, and is valid from, the time of survey, or from the date of the registry of the survey if it is not registered within the proper period. But this anamolous provision exists only in the act of 1815, and by the terms of that act, applies only to titles derived under it. And the title pf the defendant, as appears by the recitals of his patent, was not derived under this act, but under the “act to encourage the manufacturing of salt in this¡Commonwealth.”
On looking to, the statute of this title, approved February 2nd, 1813, we not only find no provision that the title derived under that act shall cornmence with or relate to the time of survey, but the mode of commencing the appropriation of land prescribed by the last mentioned act, is so entirely different from that prescribed by the, act of 1.815, that we cannot, without a violation of the plainest rules of construction, regard a title initiated and completed according to the act of 1813, as a title derived under the act of 1815. And although it was doubtless the intention of the Legislature of 1815, that all who thereafter desired to appropriate vacant land, might do so in the mode then provided; and although it w;as probably expected that this would be done by all, yet as the act of 1815 does not expressly or impliedly repeal that of 1813, and as the defendant has chosen to proceed in his attempt to appropriate the land in contest, in the mode prescribed by the last named si.ct, and has acquired his title under the provisions of that act, he must abide by his choice, and cannot now elaim, that his title so derived, shall have the same effect as if it had been derived under the act of 1815.
We are of opinion, therefore, that the defendant’s title dqes not relate to the time of the survey, as that of the plaintiffs does. The fact that the surveys were made at the same time does not therefore make the titles ecjual in date and validity, 'and the legal title of the *445 plaintiff being the oldest, both by the actual date of the patent and by its relation to the time of the survey, it must prevail in the action of ejectment. The instruction was, therefore, erroneous: and for this error the judgment is reyersed and the cause remanded for a new trial.